■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD FLOYD JESMER, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered November 24, 1975, upon a verdict convicting defendant of the crime of grand larceny in the third degree and sentencing him to an indeterminate term of imprisonment not to exceed three years. Defendant was indicted by the May 1975 Term of the Grand Jury of St. Lawrence County for the crime of robbery in the third degree. Said indictment arose out of an incident in the Town of Gouverneur on April 29, 1975 wherein $500 in cash was allegedly forcibly stolen from one James Jesmore. Following a jury trial, defendant was found guilty of the lesser included offense of grand larceny in the third degree, and he was thereafter sentenced to an indeterminate term of imprisonment as noted above. On this appeal, defendant argues that his motion to dismiss the indictment at the close of the People's case should have been granted and that the verdict was against the weight of the evidence. We disagree. During the trial, complainant specifically identified defendant as the individual who stole the $500 and witness Donald Blackburn testified to observing defendant bending over complainant with a wallet in his hand immediately after the alleged theft. Such evidence as this is clearly sufficient to establish defendant's guilt beyond a reasonable doubt, and any discrepancies in the testimony of complainant and Blackburn merely presented additional questions of fact and credibility for the jury and do not justify our interference with its ultimate verdict. We further find that the trial court properly allowed the District Attorney to cross-examine defendant as to his numerous past convictions for passing bad checks. This was a discretionary decision of the court, and, in accord with the guidelines set forth in *People v Sandoval* (34 NY2d 371), it correctly instructed the jury that this evidence was to be considered solely for the purpose of impeaching defendant's credibility and not for establishing his propensity to commit crime. With regard to the length of the sentence which defendant received, it is well within the statutory limit for a class E felony (Penal Law, § 70.00, subd 2, par [e]). Moreover, the court justified the severity of the penalty by citing defendant's extensive criminal record, and no extraordinary circumstances are presented to warrant our disturbance of its action *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). We have examined defendant's remaining contentions relating to the conduct of the trial and find they likewise are without any substance. Judgment affirmed. Greenblott, J. P., Mahoney, Main, Larkin and Reynolds, JJ., concur.