THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN J. FRANK, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed, in accordance with the following memorandum: After a jury trial defendant was acquitted of murder in the second degree (Penal Law § 125.25 [1]), for which he was indicted, but convicted of manslaughter in the first degree while under the influence of extreme emotional disturbance (Penal Law § 125.20 [2]). A lesser included offense charge was requested by the People and objected to by defendant. Although both parties agree that manslaughter in the first degree as defined in Penal Law § 125.20 (2) is a lesser included offense of murder in the second degree, defendant contends that the court erred in charging the lesser included offense because the evidence of extreme emotional disturbance was insufficient as a matter of law. We agree. There is no "reasonable view of the evidence upon which the jury could find that defendant committed the lesser offense but not the greater" *(People v Green,* 56 NY2d 427, 434). Loss of self-control due to mental trauma or exposure to extremely unusual and overwhelming stress are key factors on which a finding of extreme emotional disturbance may be predicated *(see, People v Walker,* 64 NY2d 741, 743; *People v Casassa,* 49 NY2d 668, 676, *cert denied* 449 US 842; *People v Patterson,* 39 NY2d 288, 302-303, *affd* 432 US 197; *People v Knights,* 109 AD2d 910, 911). The evidence here shows that defendant consumed several drinks in the course of approximately five hours, during which time he also may have used some drug, and that he acted in a loud, abusive and combative manner. While this proof was sufficient perhaps to support a finding that defendant was drunk and possibly angry, embarrassed or jealous, there was no evidence of any mental disorder or of any unusual and overwhelming stress that could result in a loss of self-control. Anger and embarrassment, or both, although strong emotions, are not generally evidence of a type of loss of self-control associated with extreme emotional disturbance *(see, People v Walker, supra; People v Knights, supra).* Even if the record evidenced the People's claim that defendant's behavior reflected a "roller coaster" of emotions ranging from love to hate and solicitude to anger, and that elements of jealousy, resentment, despair and confusion ex-

isted and even "wild shifts in mood", there is no evidence of the required subjective element "that defendant did in fact act under the influence of extreme emotional disturbance" and, in the absence of any proof as to defendant's background or prior mental state, no objective evidence "that there was [a] reasonable explanation or excuse for the emotional disturbance" *(People v Moye,* 66 NY2d 887, 890). Accordingly, the judgment must be reversed and the murder indictment dismissed with leave to the People to re-present other appropriate charges to another Grand Jury *(see, People v Gonzales,* 61 NY2d 633, 635). In view of this determination, it is unnecessary to consider other issues raised by defendant concerning the trial court's evidentiary rulings and prosecutorial misconduct on summation. We note, however, that the testimony of the police artist as to the description of the defendant provided by an eyewitness to the shooting was outside the scope of proper redirect examination and constituted both improper bolstering and inadmissible hearsay. (Appeal from judgment of Monroe County Court, Celli, J.—manslaughter, first degree.) Present—Doerr, J. P., Boomer, Balio, Lawton and Schnepp, JJ.