■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LEBRUN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered November 19, 1985, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for criminal sale of a controlled substance in the fifth degree and criminal sale of a controlled substance in the third degree arising out of his alleged sales of LSD to an undercover State Police officer on November 7 and 9, 1984. After a jury trial defendant was found not guilty on the first count, relating to the November 7 sale, but guilty on the second count and was sentenced to an indeterminate term of 4½ to 9 years in prison.

On appeal defendant contends that (1) he was prejudiced and denied a fair trial by the prosecutor's introduction of improper rebuttal evidence at the close of defendant's case; (2) the verdict of guilty on the second count was contrary to the weight of the evidence; and (3) his sentence was harsh and excessive.

The rebuttal evidence objected to by defendant consisted of the testimony of Larry Jorden to the effect that he was present at the November 9, 1984 party at which defendant allegedly sold LSD to the undercover officer. The officer had previously testified that Jorden was at the party and had confirmed to defendant that it was all right to sell the officer LSD. Defendant testified that Jorden did not attend the party. Jorden's testimony, contradicting defendant and corroborating the officer, was " 'evidence in denial of some affirmative fact

which [defendant had] endeavored to prove' " *(People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047, quoting *Marshall v Davies,* 78 NY 414, 420). Thus, it was proper rebuttal evidence, admissible by the prosecutor at the close of defendant's case *(supra; see,* CPL 260.30 [7]). Moreover, even had Jorden's testimony not actually been of a rebuttal nature, it was within County Court's discretion to permit its introduction in the interest of justice *(see,* CPL 260.30 [7]; *People v Harris, supra; People v O'Dell,* 111 AD2d 937; *People v Sterling,* 95 AD2d 927, 928).

Defendant's contention that the verdict of guilt with regard to the November 9, 1984 sale of LSD was against the weight of the evidence since the jury rejected the officer's testimony as to the alleged November 7 sale is not persuasive. The officer testified that defendant, who did not know him, readily sold him LSD on November 7, but that on November 9 defendant was hesitant and first required Jorden to confirm that it was all right to sell to the officer before consummating the sale. The jury thus could rationally have credited the officer's testimony regarding the November 9 sale but have a reasonable doubt as to it on the November 7 sale.

Defendant's remaining claim, that his sentence was harsh and excessive, is entirely without merit. Defendant received the minimum sentence possible for a class B felony as a second nonviolent felony offender (Penal Law § 70.06 [3] [b]; [4] [b]).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.