■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. PARKER, Appellant.—Kane, J. Appeal from a judgment of the County Court of Essex County (Garvey, J.), rendered July 7, 1986, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

On November 29, 1985, the State Police discovered the body of Grant Reese in his living room in the Town of Elizabethtown, Essex County. Reese, a relatively wealthy man who was known to carry large amounts of cash, died from several blows to his head in an apparent robbery-murder. Investigator James Bradley of the State Police learned that Reese was last seen alive on November 26, 1985 at Spruce Hill Lodge, a local

tavern. After an interview with the owner, a waitress and two patrons of the tavern who saw Reese on November 26, 1985, Bradley discovered that Reese had conversed that evening with a stranger to the tavern. A composite sketch of this stranger was prepared from the four witnesses' descriptions, which Bradley and another investigator, John Beck, recognized as a drawing of defendant. These four witnesses also identified defendant from a photo array. Bradley also learned that a green Chevrolet Blazer jeep with plastic taped over the back window had followed Reese home that evening and had turned into Reese's driveway. Defendant owned a green Chevrolet Blazer.

Based on the photo identification of the man who accompanied Reese while at Spruce Hill Lodge and on the information concerning the green Chevrolet Blazer, the State Police focused their efforts on finding defendant. Knowing defendant to be in the Albany area, he was located by the State Police and placed under surveillance. As a result, the State Police learned that defendant rented a van, ate at a restaurant and paid his rent, all with $50 and $100 bills. A seizure of some of these bills failed to disclose the presence of fingerprints.

On December 3, 1985, defendant was apprehended by State Police officers while driving the green Chevrolet Blazer and taken to State Police headquarters, accompanied by a female companion, Betty Andersen, who was operating a van they had rented for the purpose of moving furniture. Upon arrival at the police barracks, defendant was given his *Miranda* warnings and questioned by Senior Investigator Frederick Wright concerning his activities during the preceding week. A written statement was prepared based upon that questioning and signed by defendant wherein, essentially, he admitted being in Spruce Hill Lodge on November 26, 1985 conversing with Reese, but denied any wrongdoing. At this point, defendant was advised that he was the primary suspect in the Reese murder. Approximately two hours later, defendant asked to see Andersen and, following a brief private discussion with her, defendant signed a second statement prepared by another police officer in which he confessed to murdering Reese. He was transported back to Elizabethtown for arraignment on the murder charge. During the trip, defendant directed the police to the location where he had disposed of the murder weapon and Reese's wallet. These items were found by the police at the location described by defendant. Defendant was charged with Reese's murder in a seven-count indictment and, after denial of the motion to suppress his confession and

evidence seized by the police, defendant entered a plea of guilty to one count of the indictment charging him with murder in the second degree, in full satisfaction of all counts. Pursuant to the negotiated plea, defendant received a sentence of imprisonment with a minimum of 20 years and a maximum of life. This appeal ensued.

In seeking reversal, defendant contends that (1) the police lacked probable cause for his arrest, (2) he was not advised of his *Miranda* rights prior to questioning by the police and was denied his right to counsel during the police interrogation, and (3) that the confession thereafter obtained was involuntary and should have been suppressed, together with the evidence discovered as a result of the tainted confession. We affirm.

First, this record provides more than sufficient evidence to provide probable cause for defendant's arrest *(see, People v Bigelow,* 66 NY2d 417, 423). Second, as to the issue regarding whether defendant received *Miranda* warnings, this question was determined by County Court in favor of the prosecution on the basis of the credibility of the several State Police officers who testified to giving defendant his *Miranda* warnings, and the written acknowledgment of the receipt of those warnings by defendant. We perceive no reason to disturb that finding *(see, People v Delgado,* 118 AD2d 580, *lv denied* 67 NY2d 1052; *People v Tucker,* 101 AD2d 601). As to the voluntariness of the confessions, this issue is again an issue of credibility. Although defendant was in police custody for nearly 12 hours from arrest to arraignment, the record demonstrates that the time consumed in the requisite questioning to obtain and prepare the two statements and the distance between Troop Headquarters and the arraignment at Elizabethtown is easily accounted for. Moreover, the conduct and demeanor of defendant during the period as described by the witnesses for the prosecution dispels any claim that defendant's confessions were other than voluntary *(see, supra).* Since it is established that the confessions were completely voluntary, it follows that the physical evidence thereafter seized would have been properly admitted.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.