(March 30, 1989)

1 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR R. HILDRETH, Appellant.—Levine, J. Appeal from a judgment of the County Court of Broome County (Monserrate,

J.), rendered May 30, 1985, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts) and sodomy in the first degree.

On November 23, 1984 Theresa Kauchis and her husband, James, went hunting in some woods located in the Town of Windsor, Broome County. In the afternoon Theresa was "posted" at a certain location while James circled the area, attempting to drive deer in her direction. At approximately 4:00 P.M., James heard a sequence of 8 or 9 gunshots which seemed to come from the direction where his wife was. While returning to where he had left Theresa, James encountered a man walking toward him and he asked him if he had heard any shots. The man indicated that he had and gestured in the direction from which he had heard the shots. When James reached the area where he had last seen his wife, he found the cushion which she had been sitting on and her shotgun, but Theresa was not there. James searched for his wife but was unable to locate her before nightfall. Theresa was found the next day in the woods dead from gunshot wounds to the head and body.

As part of the investigation into the crime, the police questioned all hunters who were known to have been in the vicinity of Windsor on the date in question. Defendant became the target of the investigation as a result of descriptions given by the victim's husband and another hunter who had seen a man matching defendant's description in the woods on the afternoon of the murder just after they had heard the sequence of shots. After interviewing defendant's hunting companions, the police were able to locate defendant's tree stand. Shotgun shells recovered from this tree stand matched those found at the murder scene. The police also found the stub of a 1983 out-of-State hunting license with defendant's name on it in the general vicinity of where the incident occurred.

On December 3, 1984, State Police Senior Investigator David McElligot and an officer from the Broome County Sheriff's Department, Kenneth Krump, traveled to defendant's place of employment in New Jersey to question defendant. The two officers asked defendant several questions and obtained his consent to searches of his vehicle and his apartment. Defendant also agreed to go with the officers to the police barracks for further questioning. McElligot informed defendant of his rights and then proceeded to detail the evidence which had been gathered implicating defendant in the crime. Initially, defendant denied any involvement, but subsequently confessed to the shooting.

According to defendant's written statement, he was in Windsor on a hunting trip on November 23, 1984. At approximately 3:30 P.M. he entered the woods and, as he was walking, he came upon a woman sitting alone and stopped to talk with her. He then leveled his shotgun at her, ordered her to put down her gun and marched her into the woods several hundred yards. Defendant forced the woman at gunpoint to undress and to perform an act of oral sodomy upon him. According to defendant, after the sexual act, he backed away from the woman and his gun went off, striking her. Defendant then admitted that he reloaded his gun and shot the woman several more times. Defendant also stated that he passed two hunters on his way out of the woods immediately after the incident.

Defendant was subsequently indicted and tried on two counts of murder in the second degree (intentional murder and felony murder) and sodomy in the first degree. The jury found defendant guilty of all counts and he was sentenced to concurrent prison terms of 20 years to life on the two murder counts, to be served consecutively with a sentence of 5 to 15 years on the sodomy conviction. This appeal by defendant ensued.

Defendant's first contention on appeal is that County Court erred when it refused to suppress his allegedly involuntary confession and also evidence seized during warrantless searches of his car and apartment in New Jersey. At the suppression hearing McElligot testified that, prior to questioning defendant, the police had evidence that defendant matched the description of an individual who had been seen in the woods just after the crime occurred and that shotgun shells found at defendant's tree stand matched those found at the murder scene. In our view, the evidence obtained by the police during the course of their investigation was sufficient to constitute probable cause to arrest defendant (see, People v Mercado, 68 NY2d 874, 877, cert denied 479 US 1095; People v Tucker, 101 AD2d 601, 602). In addition, County Court's conclusion that defendant's confession and his consent to a search of his car and apartment were voluntary was supported by ample evidence (see, People v Tucker, supra). Consequently, defendant's suppression motion was properly denied.

Defendant also contends that County Court erred in refusing to instruct the jury on the affirmative defense of extreme emotional disturbance (see, Penal Law § 125.25 [1] [a]). In order to be entitled to such an instruction, defendant was required to establish, by a preponderance of the evidence, the

following elements: (1) that he acted under the influence of extreme emotional disturbance, and (2) that there was a reasonable explanation or excuse for such disturbance, with the reasonableness being determined according to the viewpoint of a person in defendant's situation, under circumstances as defendant believed them to be *(see, People v Casassa,* 49 NY2d 668, 678, *cert denied* 449 US 842). In the instant case, the only evidence presented at trial concerning defendant's mental state at the time of the crime was his written confession in which defendant stated that, after encountering the victim in the woods and speaking to her, "something snapped and I went crazy". In the absence of any additional evidence of defendant's background or mental state, or proof that the circumstances surrounding the incident provided a reasonable basis for defendant's extreme emotional disturbance *(cf., People v Moye,* 66 NY2d 887), County Court properly ruled that defendant was not entitled to have the jury charged on the affirmative defense *(see, People v Walker,* 64 NY2d 741, 742-743; *People v Frank,* 122 AD2d 620).

Defendant's final contention on appeal is that County Court erred in sentencing defendant to a consecutive term of imprisonment on the sodomy conviction. At sentencing, defendant received two concurrent prison terms of 20 years to life for the crimes of intentional murder and felony murder. The court then sentenced defendant to 5 to 15 years' imprisonment for the crime of sodomy in the first degree, to run consecutively to the sentences for the murder convictions.

Penal Law § 70.25 (2) provides: "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences * * * must run concurrently." Defendant argues that, under Penal Law § 70.25 (2), his sentences on the intentional murder conviction and the sodomy conviction must be concurrent since the two crimes arose from a "single act". We disagree. In defendant's written confession he admitted that after the act of sodomy, he stepped away from the victim before shooting her. In addition, there was forensic evidence presented at trial which estimated that the victim was shot from a distance of at least three or four feet. Thus, there was ample support for the conclusion that the homicide and sodomy were separate, successive acts. Hence, consecutive sentencing was appropriate *(see, People v Tanner,* 30 NY2d 102, 108). Defendant's other contention, that his sentences for

felony murder and sodomy should have been concurrent, has merit. The sodomy was a material element of the felony murder conviction and, accordingly, concurrent sentences were required (see, People v Ferkins, 116 AD2d 760, 764, lv denied 67 NY2d 942; People v Jones, 69 AD2d 824).

Judgment modified, on the law, by reversing so much thereof as directed defendant to serve consecutive terms of imprisonment for the convictions of sodomy in the first degree and one count of murder in the second degree (Penal Law § 125.25 [3] [felony murder]); said sentences to run concurrently; and, as so modified, affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.