■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE IRIZARRY, Appellant. [605 NYS2d 93] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J.), rendered March 6, 1992, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second, third and fourth (2 counts) degrees and sentencing him to concurrent terms of 15 to life, 5 to 15 years, 2⅓ to 7 years, and 2 terms of 1 year, respectively, unanimously affirmed.

Defendant's written confession was not psychologically coerced by a police detective who, according to defendant, took advantage of his mental instability and obsession with trains by threatening to have him thrown out of a railroad union to which he did not belong if he did not provide the confession. The "threat", if such it was, was made hours after defendant had already implicated himself by furnishing oral statements, and thus did not overcome a previously expressed will to remain silent. In addition, as the hearing court suggested, the detective's comment was more in the nature of an "offhand quip" than a threat, which could not have been expected to elicit the response it did *(see, People v Ferro,* 63 NY2d 316, 322-323; *People v Tarsia,* 50 NY2d 1, 11). Finally, there was no evidence that defendant suffered from any special train related delusions or hallucinations such that the comment in question should be deemed coercive.

It was not necessary for the police to repeat the *Miranda* warnings before defendant's written statement was given

where there had been no break in custody and defendant's statement was made within a reasonable time after his initial written waiver of *Miranda* rights *(People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021).

Nor was it necessary for the trial court to charge the affirmative defense of extreme emotional disturbance where there was insufficient evidence that defendant suffered a "[l]oss of self-control due to mental trauma or exposure to extremely unusual and overwhelming stress" *(People v Frank,* 122 AD2d 620, citing, *inter alia, People v Patterson,* 39 NY2d 288, 302-303, *affd* 432 US 197). Concur—Sullivan, J. P., Asch, Rubin and Nardelli, JJ.