■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM C. T. BARKER, Appellant. [636 NYS2d 482] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 28, 1994, upon a verdict convicting defendant of the crime of assault in the second degree.

On August 30, 1994, Officer Michael Blair and other members

of the Troy Police Department responded to complaints about a loud party at 329 Third Avenue in the City of Troy, Rensselaer County. When the police officers arrived, they encountered two individuals involved in a brawl. As the police officers tried to break up the altercation and make appropriate arrests, other guests began attacking them by throwing bottles and other objects. Officer Dennis Fernet responded to these attacks by spraying pepper mace in their direction. Shortly thereafter, Blair was struck on the right side of his head by a large rock thrown from the vicinity of the yard where the party was held. As a result thereof, he suffered a fractured skull and brain damage that has permanent debilitating effects. Officer Robert Fitzgerald identified and arrested defendant as the individual who threw the rock.

In July 1993, defendant was indicted on two counts of assault in the second degree. After a jury trial, he was found guilty of recklessly causing serious physical injury to another by means of a deadly weapon or dangerous instrument (Penal Law § 120.05 [4]) and was acquitted of the charge of causing physical injury to a police officer with intent to prevent the police officer from performing his or her lawful duty (Penal Law § 120.05 [3]). County Court sentenced defendant to an indeterminate term of incarceration of $2^1/_3$ to 7 years. Defendant appeals the jury verdict as against the weight of the evidence, and contends that he was denied the effective assistance of counsel and that the sentence imposed was harsh and excessive.

In assessing whether the verdict is supported by the weight of the evidence, we first note that upon our review of the record "a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495). The jury heard testimony from several individuals who were present at the party, some of whom testified that a person other than defendant threw the rock that injured Blair. While Fitzgerald was the sole prosecution witness to identify defendant as having thrown the rock, the record reveals that he was personally familiar with him. Further, the prosecution offered the testimony of Heidi Honsinger, a friend of defendant and guest at the party, who admitted that she observed defendant being sprayed in the face with pepper spray and then watched him bend down, pick up an object and throw it in the direction of the police officers. This testimony was offered in rebuttal to defendant's assertion at trial that he did not throw anything at all on the night in question. Thus, despite conflicting testimony proffered by defense witnesses and noting that the credibility of key defense

witnesses was significantly impeached, we find that after " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn [there]from' " (*People v Bleakley, supra*, at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62), not only was there sufficient evidence to establish each and every element of the crime charged, but also that the verdict was not against the weight of the evidence (*see, People v Bleakley, supra*, at 495; *People v Snare*, 216 AD2d 674, *lv denied* 86 NY2d 802).

Defendant's allegation of a denial of due process, by the improper introduction of hearsay testimony purportedly bolstering the testimony of Fitzgerald (*see, People v Mobley*, 56 NY2d 584, 585; *People v Trowbridge*, 305 NY 471), is similarly unavailing. Were we to consider the issue despite counsel's failure to object thereto, we would find the error, if any, to be harmless since the identification was "clear and strong" (*see, People v Mobley, supra*, at 585). As to defendant's challenge to the jury charge on the topic of identification, we find the issue not properly preserved for our review (*see, People v Teen*, 200 AD2d 785, 786, *lv denied* 83 NY2d 859; *see also,* CPL 470.05 [2]) and not warranting our intervention in the interest of justice (CPL 470.15 [3]).

We further find defendant's contention that Honsinger's testimony, as identification testimony, had to be offered on the People's case-in-chief and not on rebuttal, misses the mark. Honsinger's testimony was offered in direct contradiction to defendant's representations that he did not throw any objects while he was at the party (*see, People v Harris*, 57 NY2d 335, 345, *cert denied* 460 US 1047). Thus, such evidence was proper rebuttal evidence, admissible at the close of defendant's case (*see, People v Lebrun*, 126 AD2d 913, *lv denied* 69 NY2d 882).

As defendant failed to object to the proffer of Blair's testimony concerning the injuries he sustained as a result of the assault and the prosecutor's comments on said injuries at summation, those issues are not properly before us (*see,* CPL 470.05 [2]; *People v Martin*, 50 NY2d 1029; *People v Williams*, 46 NY2d 1070).

Defendant additionally claims ineffective assistance of counsel. Mindful of the standard of review articulated in *People v Baldi* (54 NY2d 137, 147), our review of the record reveals that defense counsel vigorously represented his client. He was thoroughly familiar with the case, cross-examined all witnesses except Blair (a strategic decision which cannot be considered inappropriate given Blair's substantial injuries), made ap-

propriate objections and motions, and delivered an articulate summation. As to counsel's failure to call a qualified expert concerning the effects of pepper gas, relying instead on the testimony of an Undersheriff, we find no error since a qualified expert's testimony would not necessarily have been any more persuasive.

Finally, as to defendant's remaining contention that his sentence was harsh and excessive, we find no extraordinary circumstances which would warrant our disturbance thereof (*see, People v Jesmer*, 53 AD2d 795).

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.