■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD TAYLOR, Appellant. [636 NYS2d 922] —Casey, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered September 28, 1992, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

---

Defendant was indicted and convicted of two counts of criminal sale of a controlled substance in the third degree.* The criminal sale charges stemmed from sales of cocaine made by defendant on January 4 and 12, 1990 in the City of Albany to a confidential informant who was under the surveillance of the Special Investigations Unit of the Albany Police Department. Following his conviction, defendant was sentenced to two consecutive terms of imprisonment of 5 to 15 years.

On this appeal defendant argues initially that the proof was legally insufficient to support the conviction. This claim is based on the lack of any eyewitness evidence of the criminal sales to corroborate the confidential informant's testimony and defendant's further claim that the informant's testimony was unreliable. In our view, sufficient evidence exists that would, as a matter of law, satisfy the burden of the prosecution on every element of the crimes charged (see, People v Bleakley, 69 NY2d 490, 495). This proof mainly consists of the testimony of three Albany Police detectives and the informant, who agreed in 1989 to cooperate with the police in exchange for favorable recommendations in connection with drug charges that were then pending against him.

Pursuant to this agreement to cooperate, on January 4, 1990 the informant made a purchase of cocaine from defendant at his girlfriend's apartment with prerecorded bills that had been given to him by one of the detectives. The informant was searched prior to his entry of the apartment, and his entry and exit were observed by one of the officers. Upon the informant's return from the apartment, he gave the officer a plastic bag containing a white substance which was later analyzed and found to be cocaine. On January 12, 1990, the informant again went to the same apartment and made a similar purchase, which again proved to be cocaine. The informant gave a sworn statement as to the details of both purchases. After defendant's arrest, he signed a confession that he was in the business of selling drugs. The evidence which established that on January 4 and 12, 1990 defendant was at his girlfriend's apartment and knowingly sold cocaine to the informant is legally sufficient to support the verdict.

With respect to defendant's argument that there was no probable cause for his warrantless arrest since it was based on

---

* The indictment also charged defendant with criminal possession of a weapon in the third degree and two counts of criminally using drug paraphernalia in the second degree. Defendant was acquitted of these charges.

unreliable information generated by the informant, we find no merit. Defendant does not dispute the basis of the information of the informant who personally participated in the purchase. What defendant attacks is the informant's reliability. The informant had previously supplied information to the police which had been reliable. He participated in controlled purchases. He was taken to the vicinity of the apartment and was observed entering and leaving the apartment of defendant's girlfriend. He made two separate purchases of white powder that proved to be cocaine. These facts and circumstances demonstrate the informant's reliability (*see, People v Rodriguez,* 52 NY2d 483, 489-490).

Defendant's further claim of error in refusing to suppress his statement because it was coerced distills to an issue of credibility. Nothing in the record shows that County Court's determination was unjustified (*see, People v Tucker,* 101 AD2d 601). The prosecution proved in its version of the events that defendant's statement was voluntary and the suppression court was justified in accepting this version (*see, People v Tucker, supra; People v Jackson,* 101 AD2d 955). Furthermore, defendant took the stand during trial and testified on his own behalf. Defendant admitted that the police did not use any force or threats of force. County Court submitted the issue of the voluntariness of the confession to the jury and the determination made should not be disturbed.

As to defendant's other claim of error based upon prosecutorial misconduct in connection with the opening and summation, we find any error harmless in light of the overwhelming evidence of defendant's guilt (*see, People v Crimmins,* 36 NY2d 230, 242). The other claimed errors have been examined and found inconsequential. Finally, we do not find that the sentence was harsh or excessive in the circumstances. The judgment of conviction should, therefore, be affirmed.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.