■ Michael E. Blair et al., Respondents, v William Barker, Defendant, and James A. Bodah, Sr., et al., Appellants. [698 NYS2d 96] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 29, 1998 in Rensselaer County, which denied a motion by defendants James A. Bodah, Sr. and James J. Bodah for summary judgment dismissing the complaint against them.

On April 30, 1993, plaintiff Michael E. Blair, a City of Troy Police Officer, sustained head injuries when struck on the head

by a rock thrown by 20-year-old defendant William Barker.* The incident occurred as Blair and other police officers were quelling a disturbance at an outdoor birthday party given for defendant James J. Bodah on the property owned by his father, defendant James A. Bodah, Sr. (hereinafter collectively referred to as defendants). In addition to Barker, James J. Bodah was also arrested and ultimately pleaded guilty to disorderly conduct.

Blair and his wife, derivatively, commenced this action pursuant to General Municipal Law § 205-e, alleging that Blair's injuries stemmed from defendants' violations of State and local laws in hosting the birthday party. After joinder of issue and subsequent discovery, Supreme Court denied defendants' motion for summary judgment. Defendants appeal.

We reverse. General Municipal Law § 205-e permits recovery by a police officer for injuries occurring "directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person in failing to comply with the requirements of any applicable statute, ordinance, rule, order or requirement of Federal, State or municipal law" (*Hudson v Boutin*, 239 AD2d 624, 625). Unlike Supreme Court, we do not find triable issues of fact exist regarding whether defendants' failure to comply with various State and local laws as charged in the complaint directly or indirectly caused Blair's injuries.

In their complaint, plaintiffs allege, *inter alia*, that defendants sold alcoholic beverages at the party and in so doing breached Alcoholic Beverage Control Law §§ 100 and 103. Although the deposition testimony established that beer was indeed served at the party and, further, that money was collected from some partygoers, it is not disputed that Barker, despite having consumed at least one beer that evening, did not pay for the beer; James J. Bodah gave it to him. But, even if beer was sold in contravention of State law, that transgression did not directly or indirectly cause Blair's injuries.

Plaintiffs also assert claims based upon violations of General Obligations Law §§ 11-100 and 11-101 as a predicate for imposing liability under General Municipal Law § 205-e. These claims must also fail, as plaintiffs have not shown that defendants served Barker alcohol while the latter was intoxicated (*see, Campbell v Lorenzo's Pizza Parlor*, 172 AD2d 478, 479, *lv denied* 78 NY2d 863). Moreover, although James J. Bodah was convicted after a guilty plea to disorderly conduct,

---

* As a result of this act Barker was convicted of assault in the second degree (*see, People v Barker*, 223 AD2d 899, *lv denied* 88 NY2d 964).

this violation did not directly or indirectly cause Blair's injury; there is no link between Bodah's conduct giving rise to his plea and Barker's act of throwing the rock.

Cardona, P. J., Mikoll, Peters and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants James A. Bodah, Sr. and James J. Bodah and complaint dismissed against them.