■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON JACKSON, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered November 2, 1989, convicting defendant, after a jury trial, of murder in the second degree and attempted robbery in the second degree, and sentencing him to concurrent terms of 25 years to life and 3-½ to 7 years, respectively, unanimously affirmed.

Defendant and the co-defendant were among a group of young men who participated in a night-time robbery in the Times Square area, which resulted in the murder of the victim. Eyewitnesses positively placed defendant at the scene of the crime. At least one eyewitness observed defendant provoke a confrontation and then "clothesline" the victim, with an extended forearm, by hitting him in the throat area, which knocked the victim off of his feet. Medical evidence established that the death blow came from the front and side of the neck area, which would have snapped his head back, tearing an artery, and fracturing the cervical spine and cord. Evidence also was adduced that the defendant threatened one of the witnesses, while in jail, stating that he would have the witness shot in retaliation for his testimony.

Viewing the evidence in a light most favorable to the People (People v Moye, 66 NY2d 887, 889), we find that defendant failed to carry his burden of establishing the affirmative defense to felony murder (Penal Law § 125.25 [3]) by a preponderance of the evidence (Penal Law § 25.00 [2]; People v Bornholdt, 33 NY2d 75, cert denied sub nom. Victory v New York, 416 US 905). Rather, the evidence was overwhelming that defendant actually initiated the assault and participated in the beating.

We reject defendant's contention that the court should have submitted attempted petty larceny as a lesser included offense of attempted robbery in the second degree. Viewing the evidence in a light most favorable to defendant, there is no reasonable view of the evidence to support the conclusion that the defendant committed the lesser offense, but not the greater (People v Glover, 57 NY2d 61). On these facts, to have submitted attempted petty larceny would have invited the jury to engage in sheer speculation (see, People v Scarborough, 49 NY2d 364).

The trial court's rulings as to admissibility of testimony are a matter within its sound discretion, which do not warrant review unless there has been an abuse thereof as a matter of law (People v Duncan, 46 NY2d 74, rearg denied 46 NY2d 940,

*cert denied* 442 US 910). We find no such abuse of discretion in the admission of testimony by the victim's father, and the victim's roommate, that he was a hard worker, and an athlete whose exercise often was limited by time to walking around the City. Such background testimony, in its own right, would not be error. Here, the testimony was relevant to explain why the victim, who lived on West 54th Street, was walking in the evening in the vicinity of Seventh Avenue and 43rd Street. We also note that the court's instructions, which we presume were followed by the jury *(People v Berg,* 59 NY2d 294), mitigated any possibility that this testimony might sway the jury to vote on the basis of sympathy.

We have considered the remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.