OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
That court properly concluded, contrary to defendant’s contention on this appeal, that the trial court did not err in refusing to instruct the jury on the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]).
In order for defendant to be entitled to such an instruction, a court must determine that sufficient credible evidence has been presented for the jury to find, by a preponderance of the evidence, that the elements of the affirmative defense have *903 been established (see, People v Moye, 66 NY2d 887, 890, n). The affirmative defense has two components: an objective element requiring sufficient proof that there was a reasonable explanation or excuse for the emotional disturbance, and a subjective element requiring sufficient proof that the conduct was influenced by an extreme emotional disturbance at the time the alleged crime was committed (see, People v Moye, supra, at 889-890; People v Casassa, 49 NY2d 668, 679, cert denied 449 US 842; Penal Law § 125.25 [1] [a]). This appeal centers on the second element.
We note initially that defendant’s steadfast claim of innocence cannot defeat his entitlement to the instruction solely because an affirmative defense of extreme emotional disturbance would be inconsistent with an outright denial of involvement in the crime (see, People v Butts, 72 NY2d 746, 748). Here, however, defendant’s repeated claims of innocence necessarily impacted upon the sufficiency of the evidence offered to demonstrate that he acted under the influence of extreme emotional disturbance at the time of the homicide.
Viewing the evidence in the light most favorable to the defendant, as we must in considering whether the instruction should have been given, we agree with the Appellate Division that defendant may have met his burden with respect to the first element of the affirmative defense by evidence of a violent and tumultuous relationship with his wife. The fact that defendant had been repeatedly humiliated by her was sufficient to establish the requisite provocation. However, the second element of this defense cannot be inferred from the provocative act itself, which occurred weeks before the homicide.
While the passage of time alone is not sufficient to defeat, as a matter of law, a claim of extreme emotional disturbance (see, People v Patterson, 39 NY2d 288, 303, affd 432 US 197), there nevertheless remains the need for some proof that a temporally remote provocative act affected the defendant at the time of the homicide to such a degree that a jury could reasonably conclude that he acted under the influence of an extreme emotional disturbance. This record is barren of any statement of defendant or other witnesses, or any other evidence, establishing the events which immediately preceded the commission of the crime or defendant’s state of mind at the time the homicide occurred. Thus, any findings the jury might have made in this respect would have been pure speculation.
*904 Defendant concedes that the evidence upon which he relies to support the subjective element of the affirmative defense is largely circumstantial and focuses primarily on his actions after the homicide. As he testified, after he found his wife dead in their apartment, he washed her body, wrapped it in a bedspread and placed it in a closet in their apartment where it remained, decomposing, for one week, as he went about his daily activities of cleaning and cooking for his stepchildren. He contends that this posthomicide circumstantial evidence of highly abnormal activity, considered in the light of the prior tumultuous relationship with the deceased, is probative of his state of mind at the time of the killing such that the jury could have inferred that he was acting under the influence of an extreme emotional disturbance.
We disagree and conclude that this evidence, which relates solely to defendant’s posthomicide conduct, failed to establish the necessary second element of the affirmative defense. Thus, instructing the jury as to the defense, under the circumstances of this case, would have done no more than invite impermissible speculation as to defendant’s state of mind at the time of the killing (see, People v Walker, 64 NY2d 741, 743).
Contrary to defendant’s contention, neither People v Moye (66 NY2d 887, supra) nor People v Roe (74 NY2d 20) requires a different result. In contrast to the paucity of evidence here, in Moye, defendant’s heinous acts, combined with his numerous statements made to the police and the prosecutor regarding his state of mind and the events that transpired immediately prior to the killing, constituted sufficient evidence of a loss of self-control associated with the affirmative defense of extreme emotional disturbance so as to warrant the charge. In Roe, our primary concern was not, as here, defendant’s mens rea but whether an objective assessment of the circumstances surrounding defendant’s discharge of a shotgun was sufficient to support a finding of the serious risk of death required for depraved indifference murder.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.