■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MURDEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 8, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court acted properly in refusing to charge the jury on the affirmative defense of extreme emotional disturbance *(see,* Penal Law § 125.25 [1] [a]). It is well settled that "[t]he defense requires proof of both a subjective element (that defendant did in fact act under the influence of extreme emotional disturbance) and an objective element (that there was reasonable explanation or excuse for the emotional disturbance)" *(People v Moye,* 66 NY2d 887, 890). Viewing the evidence in the light most favorable to the defendant *(see, People v White,* 79 NY2d 900), we find that the testimony adduced at trial was insufficient to support a jury finding that either element of the defense was made out. Indeed, the defendant merely testified that he engaged in a discussion with his girlfriend regarding his living arrangements, and that this discussion escalated into a violent altercation. He further maintained that in order to protect himself, he wrested a knife from her grasp, swung it at her, and then blacked out. While he claimed that he did not recall inflicting 19 stab wounds upon his girlfriend, he did remember running from the scene and fleeing the jurisdiction shortly thereafter. Hence, the defendant relied upon a justification defense, and his testimony failed to support a claim of extreme emotional disturbance *(see, e.g., People v Luke,* 110 AD2d 717), inasmuch as his behavior immediately before and after the killing was inconsistent with the loss of control associated with the affirmative defense *(see, e.g., People v Feris,* 144 AD2d 691). Therefore, there was no reasonable view of the evidence to support a finding that the defendant's conduct actually "was influenced by an extreme emotional disturbance at the time the alleged crime was committed" *(People v White, supra,* at 903). Moreover, the defendant's consumption of alcohol and his engaging in an argument with the victim prior to the crime do not suffice to establish the objective element of extreme emotional disturbance *(see, e.g., People v Deresky,* 137 AD2d 704; *People v Knights,* 109 AD2d 910). Likewise, the

claimed difficulties between the defendant and his girlfriend were not of such character as to constitute a reasonable excuse for his purported emotional disturbance *(see, e.g., People v Tulloch,* 179 AD2d 794; *People v Feris, supra).* Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.