■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL DOMINGUEZ, Appellant. [640 NYS2d 583] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 3, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly declined to submit manslaughter in the first degree to the jury on the theory of "extreme emotional disturbance", as there was insufficient evidence for a jury to find, by a preponderance of the evidence, that the elements of this affirmative defense to murder in the second degree were established (*see, People v Walker,* 64 NY2d 741, 742). Although the defendant contended that he was frightened at the time of the shooting, his testimony had been that he had acted in self-defense against the victim's attacks. Moreover, the defendant's conduct in leaving the scene after the shooting, consciously deciding not to return home, disposing of the weapon, fleeing the State the following day, and avoiding apprehension for a period of over two years, are inconsistent with the loss of control associated with extreme emotional disturbance (*see, People v Murden,* 190 AD2d 822; *People v Yong Ho Han,* 200 AD2d 780).

Nor was it error for the court to refuse the defendant's request to charge the lesser-included offense of manslaughter in the first degree. No reasonable view of the evidence would support a finding that the defendant committed the lesser offense but did not commit the greater (*see, People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427).

Viewed as a whole, in light of the evidence presented at

trial, we find that the court adequately instructed the jury on the defense of justification (*see, People v Andujas,* 79 NY2d 113). The testimony revealed that the defendant, after firing one shot at the victim, pursued the victim and shot him four more times. The medical testimony was consistent with all the shots having been fired as the victim's back was to the defendant. The jury could have thus concluded that the defendant did not reasonably believe that the victim was about to use deadly physical force against him (*see,* Penal Law § 35.15 [1]). Moreover, the jury could have concluded that the defendant's actions constituted an excessive use of deadly force, and that it was the excessive force which caused the victim's death (*see, People v Reeder,* 209 AD2d 551).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.