■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON HENRIQUEZ, Appellant. [650 NYS2d 138] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered July 20, 1993, convicting defendant, after a jury trial, of two counts of murder in the second degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to consecutive terms of 20 years to life on the murder convictions, and lesser concurrent terms on the remaining convictions, respectively, unanimously affirmed.

No reasonable view of the evidence existed to support defendant's claim that the shooting of two unarmed teenagers in a hardware store was justified; therefore, the court properly declined to give such a charge (*see, People v Watts,* 57 NY2d 299). While defendant's post-arrest videotaped statement to the police, recounting numerous threats by the victims to "get" or "kill" defendant, may have established that defendant subjectively believed that the victims would attempt to kill him, defendant's claimed belief that the victims were about to use deadly physical force against him, when they approached him from behind and grabbed him by the shoulder, was not objectively reasonable, even from a person in defendant's situation (*see, Matter of Y.K.,* 87 NY2d 430, 433-434). Defendant's denial of the shooting at trial while simultaneously repudiating his entire videotaped statement, as well as defendant's methodical conduct both during and immediately after the shooting, belie defendant's claim that he was acting in self-defense.

A charge on the affirmative defense of extreme emotional disturbance was also properly denied, since defendant failed to adduce sufficient evidence from which a jury could find by a preponderance of the evidence that the elements of the defense had been satisfied (*People v Moye,* 66 NY2d 887, 889-890).

Notwithstanding defendant's claims in his videotaped statement, the evidence did not establish that a reasonable excuse or explanation existed for defendant's lethal outburst, nor was defendant actually influenced by an emotional disturbance at the time of the shooting (*see, supra; People v White,* 79 NY2d 900, 903). Defendant's shooting two teenagers twice in the head after only limited provocation (*see, People v Hairston,* 208 AD2d 765, *lv denied* 85 NY2d 862), and his post-shooting conduct evincing a consciousness of guilt (*see, People v Dominguez,* 226 AD2d 391), render his claim of entitlement to this charge without merit.

Defendant opened the door to the introduction of a videotape of his handling of a gun on a prior occasion by the cross-examination of defendant's friend who was present during the shooting suggesting that the friend was familiar with guns and therefore was more likely than defendant to have been the shooter (*see, People v Hicks,* 226 AD2d 189, 190, *lv denied* 88 NY2d 966). In any event, defendant's subsequent testimony denying any familiarity with guns clearly rendered the evidence admissible (*see, People v Johnson,* 144 AD2d 490, *lv denied* 73 NY2d 923). We would also note that testimony concerning the substance of the video had previously been admitted without objection.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.