■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN MARRERO, Appellant. [707 NYS2d 320] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered June 8, 1994, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility.

The court properly admitted uncharged crimes evidence. The facts of the drug conspiracy that defendant controlled were inextricably intertwined with the victim's murder and were probative of defendant's motive (see, People v Ventimiglia, 52 NY2d 350).

The court's charge was proper in all respects. The court correctly determined that the People's main witness was not an accomplice as a matter of law and properly submitted this question to the jury, since different inferences could reasonably

be drawn regarding the witness's complicity in the murder (*see, People v Basch*, 36 NY2d 154). Furthermore, since it could not reasonably be inferred that two other witnesses participated in the murder, there was no basis upon which to submit their accomplice status to the jury. The accomplice liability charge was otherwise thorough and conveyed the correct legal principles. The court neither marshaled the evidence nor mischaracterized the defense.

Defendant's argument pursuant to *Brady v Maryland* (373 US 83) is unpreserved and his challenges to the Grand Jury proceeding are abandoned and unreviewable. Were we to review these claims in the interest of justice, we would reject them. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.