■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL CAMARENA, Appellant. [734 NYS2d 14] —Judgments, Supreme Court, New York County (Bonnie Wittner, J.), rendered February 6, 1998, convicting defendant, after a jury trial, of murder in the second degree, and, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 20 years to life and 2 to 6 years, respectively, unanimously affirmed.

The court's rulings on applications made by both defendant and the People pursuant to *Batson v Kentucky* (476 US 79) were proper. A trial court's rulings on whether proffered race-neutral reasons for peremptory challenges are pretextual is entitled to great deference because the trial court is in the best position to evaluate the credibility of an attorney's assertion that a challenge was not based on race (*see, People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352). The court properly found that the reason offered for the prosecutor's challenge to the three panelists at issue was nonpretextual, since the record establishes that these panelists exhibited a conspicuous distrust of police testimony. On the People's *Batson* application, the court properly found that defense counsel's purportedly employment-based reason for exercising a peremptory challenge was transparently pretextual, and, under these circumstances, the court was not obligated to hear from the People before making a finding of pretext and ordering the panelist to be seated on the jury (*see, People v Payne*, 88 NY2d 172, 184). We have considered and rejected defendant's remaining arguments concerning the *Batson* applications.

The court's rulings concerning uncharged crimes were proper exercises of discretion. Evidence of defendant's animosity towards the victim based on his belief that the victim had cheated him out of drug-related money was not unduly remote and supplied a possible motive for the murder (*see, People v*

*Marrero*, 272 AD2d 77, *lv denied* 95 NY2d 855). The reference to a prior gun possession made during defendant's videotaped statement was probative of defendant's familiarity with guns, which familiarity tended to undermine his claims that he had shot the victim with the victim's own gun and had not been armed when he went to the crime scene (*see, People v Henriquez*, 233 AD2d 268, *lv denied* 89 NY2d 942). The court properly exercised its discretion in denying defendant's mistrial motion made as a result of a fleeting reference to an order of protection against defendant. A curative instruction would have sufficed but defendant never accepted the court's offer to deliver such an instruction (*see, People v Young*, 48 NY2d 995).

Defendant's challenges to the prosecutor's summation require preservation (*see, People v Burke*, 72 NY2d 833, 836), and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find that the challenged remarks did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.