■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE WYLIE, Appellant. [756 NYS2d 801] —Appeal from a judgment of Erie County Court (DiTullio, J.), entered May 3, 2000, convicting defendant after a nonjury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a bench trial of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the fourth degree (§ 265.01 [2]). We reject the contention of defendant that she was denied effective assistance of counsel. Defendant's own expert concluded that an insanity defense was untenable, and thus we reject defendant's contention that defense counsel's failure to pursue an insanity defense constitutes ineffective assistance of counsel (*cf. People v Zaborski*, 59 NY2d 863, 864-865 [1983]). There is no support in the record for defendant's further contention that defense counsel should have requested a CPL 730.30 examination (*see People v Dunn*, 261 AD2d 940, 940-941 [1999], *lv denied* 94 NY2d 822 [1999]; *People v Wheeler*, 249 AD2d 774, 775 [1998]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to the further contention of defendant, County Court's rejection of her affirmative defense of extreme emotional disturbance is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). The court, sitting as the trier of fact, was not required to credit the self-serving testimony of defendant that the fear of losing her daughter triggered her desire to hurt the victim (*see People v Drake*, 216 AD2d 873 [1995], *lv denied* 87 NY2d 900 [1995]). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.