[808 NE2d 333, 776 NYS2d 198]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICE SMITH, Appellant.

Argued January 13, 2004; decided February 17, 2004

## APPEARANCES OF COUNSEL

*Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Robert B. Hallborg, Jr., David C. Schopp* and *Barbara J. Davies* of counsel), for appellant.

*Frank J. Clark, District Attorney*, Buffalo (*Raymond C. Herman* and *J. Michael Marion* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed. Defendant was convicted of one count of intentional murder (Penal Law § 125.25 [1]), one count of felony murder (Penal Law § 125.25 [3]) and one count of robbery (Penal Law § 160.15 [1]). There was evidence adduced at trial that the 16-year-old defendant and a codefendant went to the home of the 71-year-old victim with the specific intent to rob him, then choked and suffocated him to death and stole his automobile.

Defendant sought to establish that she was under an extreme emotional disturbance because of her sexual relationship with the deceased over a period of months and his sexual advances on the night of the killing. She argued that her own testimony and that of other laypersons, but no expert psychiatric evidence, was sufficient to establish her extreme emotional disturbance. The trial court sustained the People's objection to such testimony because of defendant's failure to provide pretrial notice pursuant to CPL 250.10 (2). The Appellate Division affirmed without deciding whether notice should have been required, concluding that defendant would not have been

entitled to a charge on extreme emotional disturbance in any event.

CPL 250.10 (2) states, "Psychiatric evidence is not admissible upon a trial unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence." Once such notice is served, the People have the right to an examination of the defendant by a psychiatrist or a psychologist. While extreme emotional disturbance can be established without psychiatric testimony (*People v Roche*, 98 NY2d 70, 76 [2002]; *People v Moye*, 66 NY2d 887, 890 [1985]), defendant "cannot establish an extreme emotional disturbance defense without evidence that he or she suffered from a mental infirmity not rising to the level of insanity at the time of the homicide, typically manifested by a loss of self-control" (*People v Roche*, 98 NY2d at 75). The defense requires proof of a subjective element, that defendant acted under an extreme emotional disturbance, and an objective element, that there was a reasonable explanation or excuse for the emotional disturbance (*People v Moye*, 66 NY2d at 890).

Here, there was an insufficient offer of proof by defendant in support of an extreme emotional disturbance defense. Defendant's proffered testimony did not establish that, at the time of the homicide, she was affected by her longstanding sexual relationship with the deceased to such a degree that a jury could reasonably conclude that she acted under the influence of an extreme emotional disturbance (*see People v White*, 79 NY2d 900, 903 [1992]). Thus, we need not decide whether pretrial notice of defendant's proffered testimony was required.

Defendant's challenge to the sufficiency of the evidence supporting her felony murder conviction is without merit.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.