■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY W. WALL, Appellant. [850 NYS2d 787]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered June 15, 2005. The judgment convicted defendant, after a nonjury trial, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, after a nonjury trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the verdict is against the weight of the evidence based on the affirmative defense of extreme emotional disturbance (*see* § 125.25 [1] [a]; *see generally People v Moye,* 66 NY2d 887, 889-890 [1985]). We reject that contention inasmuch as defendant failed to establish that affirmative defense by a preponderance of the evidence (*see People v Smith,* 1 NY3d 610, 612 [2004]; *see generally People v White,* 79 NY2d 900, 902-903 [1992]; *Moye,* 66 NY2d at 890). Defendant made three conflicting statements to the police, each describing his violent encounter with the victim in a different manner, and at least one of those statements was inconsistent with the affirmative defense of extreme emotional disturbance. The record also contains physical and medical evidence from which County Court was entitled to infer that defendant acted intentionally and did not experience the sudden loss of control associated with an extreme emotional disturbance (*see People v Feris,* 144 AD2d 691, 692 [1988]; *People v Knights,* 109 AD2d 910, 911 [1985]). Although defendant contends that "the

testimony of his expert witness was sufficient to establish the affirmative defense of extreme emotional disturbance, his expert's conclusions were rebutted by the People's expert witness[ ]'' (*People v Finney*, 181 AD2d 789, 790 [1992], *lv denied* 79 NY2d 1049 [1992]). ''The verdict in this nonjury trial is based largely on credibility determinations by the court that are entitled to great deference'' (*People v Coleman*, 305 AD2d 1031, 1032 [2003], *lv denied* 100 NY2d 579 [2003]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.