(December 30, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE BONILLA, Appellant. [870 NYS2d 18]—

The court properly determined that no reasonable view of the evidence, viewed in a light most favorable to defendant, supported the submission of a charge on justification (*see People v Cox*, 92 NY2d 1002 [1998]; *People v Reynoso*, 73 NY2d 816, 818 [1988]). Defendant was convicted of attempting to kill one victim, and also killing a 10-year-old bystander. In his own testimony, defendant, who described prior altercations with the surviving victim and claimed that this person had threatened him and his girlfriend, admitted that he carefully concealed a pistol in his clothing and went to a park to confront the victim. Although defendant maintained that he only wanted to talk to the victim and only fired his weapon when the victim moved his hand toward his waist, he admitted firing at least five shots. The evidence also established that at one point defendant straddled the victim while he lay helpless on the ground and continued to fire at him. Even under defendant's account of the incident, his claimed belief that the victim's hand motion signified imminent use of deadly force was not objectively reasonable (*see People v Goetz*, 68 NY2d 96, 105-106 [1986]; *People v Henriquez*, 233 AD2d 268 [1996], *lv denied* 89 NY2d 942 [1997]). Furthermore, the evidence demonstrated that defendant could

have retreated even after the victim made the alleged hand motion, as well as that it was unreasonable for defendant to fire numerous shots. It was also an unreasonable use of force, under the circumstances presented, to fire shots in close proximity to a crowd of people, which was the circumstance that caused the death of the child.

The court also properly refused to submit the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]), since, again viewing the evidence in a light most favorable to defendant, there was no reasonable view of the evidence to support that defense. Even accepting defendant's account of the incident and his claim of being in great fear of the surviving victim, the evidence failed to establish that defendant suffered from any mental infirmity at the time of the shooting, and it also showed that he acted with a high degree of self-control that was inconsistent with the extreme emotional disturbance defense (see People v Roche, 98 NY2d 70 [2002]; People v White, 79 NY2d 900 [1992]).

Defendant was charged with the murder of the child bystander under a transferred intent theory. The court properly refused to submit manslaughter in the first degree as a lesser included offense, since there was no reasonable view of the evidence, viewed, once again, most favorably to defendant, that he merely intended to inflict serious physical injury on the surviving victim but not death. Defendant's course of conduct, even as he described it in his testimony, established that he kept firing at the victim for the purpose of killing him (see People v Echevarria, 17 AD3d 204 [2005], affd 6 NY3d 89 [2005]).

We also conclude that any error in failing to grant defendant's charge requests was harmless. Regardless of whether defendant's testimony, if credited, spelled out a justification defense, an extreme emotional disturbance defense, or a lack of homicidal intent, there is no reasonable possibility that the jury, even if instructed as defendant wished, would have credited his version of the incident in the face of overwhelming prosecution evidence that the incident did not occur as defendant described it, but was in fact a premeditated ambush.

The People met their burden of establishing the legality of the consecutive sentences imposed (see Penal Law § 70.25 [2]; People v Rosas, 8 NY3d 493, 496 [2007]). Although defendant's intent with respect to each act was to kill the surviving victim, he committed separate and distinct acts when he fired his first shot, which killed the child, and then fired several more shots, seriously injuring the intended victim (see People v Azaz, 10 NY3d 873 [2008]). Nothing in the court's instructions on

transferred intent required concurrent sentences (*see People v Alvarez*, 44 AD3d 562, 565 [2007], *lv denied* 9 NY3d 1030 [2008]).

Defendant's claim that the procedure by which the court determined that he was eligible for consecutive sentences violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved and without merit (*see People v Lloyd*, 23 AD3d 296, 298 [2005], *lv denied* 6 NY3d 755 [2005]). Concur— Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.