■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DRUE JARVIS, Appellant. [876 NYS2d 592]—

Appeal from a judgment of the Monroe County Court (Dennis M. Kehoe, A.J.), rendered May 16, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the first degree and murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of murder in the second degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting

him after a jury trial of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and murder in the second degree (§ 125.25 [3]). Contrary to defendant's contention, County Court properly refused to charge the affirmative defense of extreme emotional disturbance. "[Defendant's] behavior immediately before and after the killing was inconsistent with the loss of control associated with the affirmative defense" (*People v Murden*, 190 AD2d 822, 822 [1993], *lv denied* 81 NY2d 1017 [1993]; *see People v Roche*, 98 NY2d 70, 76-77 [2002]; *People v McGrady*, 45 AD3d 1395 [2007], *lv denied* 10 NY3d 813 [2008]). Viewing the evidence in the light most favorable to defendant, we conclude that there was not "sufficient credible evidence . . . presented for the jury to find, by a preponderance of the evidence, that the elements of the affirmative defense [had] been established" (*People v White*, 79 NY2d 900, 902-903 [1992]).

As the People correctly concede, however, that part of the judgment convicting defendant of murder in the second degree must be reversed and count two of the indictment dismissed because it is an inclusory concurrent count of murder in the first degree (*see* CPL 300.40 [3] [b]; *see People v Miller*, 6 NY3d 295, 300-303 [2006]; *People v Jackson*, 41 AD3d 1268, 1270 [2007], *lv denied* 10 NY3d 812 [2008], *reconsideration denied* 11 NY3d 789 [2008]). We therefore modify the judgment accordingly. Finally, although defendant requests that we disavow our prior decisions holding that there is no requirement that the police electronically record interrogations, we decline to do so (*see People v Dukes* [appeal No. 1], 53 AD3d 1101 [2008], *lv denied* 11 NY3d 831 [2008]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.