# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1373

KA 11-00287

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

EARL HOWARD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 4, 2011. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that, although a different verdict would not have been unreasonable, County Court did not fail to give the evidence the weight it should be accorded (*see People v Johnson*, 94 AD3d 1563, 1564, *lv denied* 19 NY3d 962; *see generally People v Bleakley*, 69 NY2d 490, 495). Three witnesses who had lived on the same street with defendant testified at trial that they saw defendant shoot the victim. Another witness, who previously had been defendant's drug-dealing associate, testified that defendant admitted to him that he shot the victim, and the People also presented uncontroverted circumstantial evidence of defendant's consciousness of guilt, i.e., that he moved to California several days after the shooting (*see People v Westbrooks*, 90 AD3d 1536, 1536, *lv denied* 18 NY3d 963). Although defendant challenges the credibility of the prosecution witnesses on various grounds, the court stated that it found the testimony of those witnesses to be "unequivocal and rather compelling." It is well settled that " 'credibility determinations by the court . . . are entitled to great deference' " (*People v Wall*, 48 AD3d 1107, 1108, *lv denied* 11 NY3d 742), and minor inconsistencies in

the testimony of certain prosecution witnesses do not render their testimony incredible as a matter of law (*see People v Coble*, 94 AD3d 1520, 1522, *lv denied* 19 NY3d 995).

We also reject defendant's contention that he received ineffective assistance of counsel because his trial attorney failed to object to the introduction of various photographs of defendant depicting him, in defendant's words, as a "gleeful, defiant outlaw." "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's alleged deficiency (*People v Rivera*, 71 NY2d 705, 709), and defendant failed to do so here. Indeed, the record establishes that the court in this nonjury trial was aware from other evidence, including defendant's own testimony, that defendant was a drug dealer with a prior criminal record, which may have been the basis for defense counsel's failure to object to the admissibility of the photographs. In any event, even assuming, arguendo, that it was error for defense counsel not to object to the photographs, we conclude that the single alleged failure was not "sufficiently egregious and prejudicial as to compromise . . . defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152; *see People v Cosby*, 82 AD3d 63, 67, *lv denied* 16 NY3d 857).

Contrary to defendant's further contention, the court did not err in allowing a prosecution witness to testify that defendant told the witness that he returned to Buffalo from California because "the detectives came out there to [defendant's] house so he came back." As the People assert, that testimony, although hearsay, was admissible "as an admission inconsistent with defendant's innocence" (*People v McCray*, 227 AD2d 900, 900, *lv denied* 89 NY2d 866). The fact that defendant returned to Buffalo after the police discovered his location in California tends to support the prosecution's theory that defendant fled to California after the shooting to avoid arrest, and that he did not go there simply because his mother thought that he needed a "different environment," as the mother testified on defendant's behalf at trial.

Considering the brutal and senseless nature of defendant's killing of the victim, we reject defendant's challenge to the severity of the sentence. Finally, we have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  December 28, 2012                     Frances E. Cafarell
                                                Clerk of the Court