■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KENNY, Appellant. [22 NYS3d 9]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 28, 2013, convicting defendant, after a jury trial, of murder in the second degree and aggravated criminal contempt, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The verdict convicting defendant of second-degree murder, and rejecting the affirmative defense of extreme emotional disturbance, was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence failed to support either the subjective or objective elements of this defense (*see People v Moye*, 66 NY2d 887, 890 [1985]). The jury could have reasonably found that defendant's actions in connection with the killing of his wife were generally deliberate and purposeful, and that his wife's alleged admission of infidelity was not the kind of reasonable excuse or explanation contemplated under the defense (*see People v McKenzie*, 19 NY3d 463, 468 [2012]).

The court properly exercised its discretion in precluding admission of the defense expert's chart listing 13 factors he

deemed relevant to the defense of extreme emotional disturbance (*see generally People v Aska*, 91 NY2d 979, 981 [1998]). The chart was potentially misleading to the jury (*see People v Workman*, 308 NY 668, 670 [1954]), the 13 factors had not been subjected to peer review, and the doctor was not aware of any psychiatrist who had ever relied on these factors. Nevertheless, the expert was permitted to testify as to these factors, and thus defendant could not have been prejudiced by the exclusion of the chart. Concur—Friedman, J.P., Renwick, Saxe and Kapnick, JJ.