People v Leslie (2019 NY Slip Op 04408)





People v Leslie


2019 NY Slip Op 04408


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-06694
 (Ind. No. 1188/14)

[*1]The People of the State of New York, respondent,
v
Jerome Leslie, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil J. Firetog, J.), rendered May 19, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree in connection with the shooting of Yaquin English on December 24, 2013.
Contrary to the People's contention, the defendant's oral motion for a trial order of dismissal was specifically directed to the sufficiency of the evidence rebutting his justification defense. Thus, the defendant's challenge to the legal sufficiency of the evidence disproving the justification defense beyond a reasonable doubt is preserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the justification defense and verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Russell, 91 NY2d 280, 290; People v Dominguez, 226 AD2d 391, 392; People v Mack, 178 AD2d 661, 661-662).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court