People v Pham (2019 NY Slip Op 09182)





People v Pham


2019 NY Slip Op 09182


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1176 KA 14-01600

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINH D. PHAM, ALSO KNOWN AS VINH PHAN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered May 9, 2014. The judgment convicted defendant upon a nonjury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of murder in the second degree (Penal Law
§ 125.25 [1]). Defendant failed to object to County Court's questioning of the People's expert witness, and therefore his contention "that the Trial Judge's extensive participation in the questioning of [that] witness[ ] deprived him of a fair trial . . . is not adequately preserved for this court's review" (People v Charleston, 56 NY2d 886, 887 [1982]; see CPL 470.05 [2]; People v West, 129 AD3d 1629, 1630 [4th Dept 2015], lv denied 26 NY3d 972 [2015]). In any event, that contention lacks merit. The court was "entitled to question [the] witness[ ] to clarify testimony and to facilitate the progress of the trial and to elicit relevant and important facts" (People v Williams, 107 AD3d 1516, 1517 [4th Dept 2013], lv denied 21 NY3d 1047 [2013] [internal quotation marks omitted]; see People v Pollard, 70 AD3d 1403, 1405 [4th Dept 2010], lv denied 14 NY3d 891 [2010]; People v Brown, 256 AD2d 1109, 1109 [4th Dept 1998], lv denied 93 NY2d 851 [1999]), and we conclude that it did not improperly "take[] on either the function or appearance of an advocate" (People v Arnold, 98 NY2d 63, 67 [2002]; see People v Yut Wai Tom, 53 NY2d 44, 57-58 [1981]).
We reject defendant's contention that the verdict is against the weight of the evidence based on the affirmative defense of extreme emotional disturbance (see Penal Law § 125.25 [1] [a]; see generally People v Moye, 66 NY2d 887, 889-890 [1985]) inasmuch as defendant failed to establish that affirmative defense by a preponderance of the evidence (see People v Smith, 1 NY3d 610, 612 [2004]; People v Wylie, 303 AD2d 993, 994 [4th Dept 2003], lv denied 100 NY2d 567 [2003]; see generally People v White, 79 NY2d 900, 902-903 [1992]). Where, as here, there was "conflicting expert testimony on the issue of defendant's mental condition, the determination of the trier of fact to accept or reject the opinion of an expert, in whole or in part, is entitled to deference" (People v Amin, 294 AD2d 863, 863 [4th Dept 2002], lv denied 98 NY2d 672 [2002]; see People v Coombs, 56 AD3d 1195, 1196 [4th Dept 2008], lv denied 12 NY3d 782 [2009]; People v Wall, 48 AD3d 1107, 1107-1108 [4th Dept 2008], lv denied 11 NY3d 742 [2008]).
The sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court