People v Ross (2025 NY Slip Op 02556)

People v Ross

2025 NY Slip Op 02556

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Ind. No. 395/08|Appeal No. 4219|Case No. 2009-01867|

[*1]The People of the State of New York, Respondent,
v
Shamar Ross, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Christian Hope Prater-Lee of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jamie Masten of counsel), for respondent.

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 8, 2009, as amended April 23, 2009, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 20 years, unanimously affirmed.
The court providently exercised its discretion in admitting evidence that, several years before the instant shooting, the victim participated in an altercation with one of defendant's friends, witnessed the murder of the friend, and was questioned by police. This evidence was relevant to defendant's potential motive for attempting to kill the victim, and it was not outweighed by the potential for prejudice to defendant, as he was not involved in those prior incidents or associated with the alleged shooter (see People v Frumusa, 29 NY3d 364, 369-370 [2017]).
However, the court improperly admitted evidence that defendant had a history of dealing drugs and associating with other drug dealers, as this was not relevant to the People's theory of motive, which was that defendant sought to avenge his friend after concluding that the victim was involved in his death (see People v Weinstein, 42 NY3d 439, 458 [2024]). Although such evidence is relevant when the potential motive arises directly from the defendant's involvement in the drug trade (see e.g. People v Camarena, 289 AD2d 7 [1st Dept 2001], lv denied 97 NY2d 752 [2002]; People v Mena, 269 AD2d 147, 148 [1st Dept 2000], lv denied 95 NY2d 837 [2000]), no evidence indicated that the victim was a rival drug dealer or that any specific drug transactions were relevant to the offense.
Nevertheless, the error in admitting this brief testimony was harmless, as the evidence of guilt was overwhelming, and there was no "significant probability" that the elicited "references to defendant's bad acts and negative associations affected the jury's verdict, or that the absence of such errors would have led to an acquittal" (People v Rivers, 18 NY3d 222, 227 [2011]; see People v Crimmins, 36 NY2d 230, 242 [1975]). The victim's testimony established his familiarity with defendant and the victim's opportunity to recognize him, and shortly after the shooting, he provided defendant's nickname and a description that enabled the officers to readily identify defendant as the suspect. The People also proffered evidence of consciousness of guilt: defendant left the area, altered his appearance, and provided a false name to police.
Defendant did not preserve most of his arguments that the prosecutor made improper remarks in summation, and we decline to review these claims in the interest of justice (see People v Romero, 7 NY3d 911, 912 [2006]; People v Heide, 84 NY2d 943, 944 [1994]). As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 136-137 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d [*2]114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The prosecutor permissibly argued that defense counsel's arguments failed to comport with common sense and the evidence adduced (see People v Salaman, 231 AD2d 464, 465 [1st Dept 1996], lv denied 89 NY2d 929 [1996]), and the prosecutor's arguments regarding the victim's credibility were evidence-based and responsive to defense counsel's summation (see People v Gonzalez, 298 AD2d 133, 134 [1st Dept 2002], lv denied 99 NY2d 614 [2003]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025