Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered March 24, 2010, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
In 2006, the relationship between defendant and 35-year-old Eduvigis Eustate ended when she left him. Over the next two years, defendant repeatedly violated orders of protection she held against him. On August 16, 2008, defendant learned that Eustate was socializing with two men outside an establishment located on Amsterdam Avenue and 148th Street, several blocks from defendant’s whereabouts. Although defendant and Eustate had been separated for two years, he became angry and jealous. Disregarding an order of protection, defendant armed himself with a knife and walked to where Eustate and her friends were sitting. When two of Eustate’s friends momentarily stepped away from the group, defendant snuck up behind her and stabbed her in the back so hard that he forced the knife’s six-inch blade eight inches into her body. Eustate tried to get up and flee, but defendant backed her against a phone booth and stabbed her twice more, thrusting the knife four to six inches into her abdomen each time.
Police officers who were patrolling nearby noticed the commotion and confronted defendant, who was still holding the knife. The officers arrested him and recovered the weapon. On his way to the precinct, defendant told the officers, “She deserved it.” Eustate died in the hospital shortly thereafter from multiple stab wounds that had pierced several major organs, including her liver, lungs, and heart.
Defendant was charged with numerous crimes, including murder in the second degree. At the ensuing trial, defendant requested a jury charge for manslaughter in the first degree *419 based upon his contentions that he did not intend to murder the victim and that the affirmative defense of extreme emotional disturbance applied. Supreme Court granted the request for a manslaughter charge based upon a purported lack of the requisite intent, but denied the request to charge extreme emotional disturbance. The jury found him guilty of murder in the second degree.
On appeal, defendant contends that Supreme Court erred in refusing to instruct the jury as to the affirmative defense of extreme emotional disturbance. According to defendant, he “had become upset over his belief that [Eustate] and her boyfriend were keeping his daughter from calling him,” which made him “ill” and “crazy.” That, combined with the “sexual taunts” that Eustate had allegedly directed at him immediately before the stabbing, established that defendant had acted under the influence of extreme emotional distress which, from defendant’s perspective, resulted from a reasonable explanation or excuse. Thus, defendant argues that the court’s failure to charge the jury on extreme emotional disturbance entitles him to a new trial. We cannot agree.
Extreme emotional disturbance, which is a mental infirmity not rising to the level of insanity, is comprised of both objective and subjective elements (see People v Roche, 98 NY2d 70, 75-76 [2002]; see also People v Smith, 1 NY3d 610, 612 [2004]; People v White, 79 NY2d 900, 903 [1992]). The affirmative defense does not negate the element of intent to cause death (see Penal Law § 125.20 [2]), but instead reflects that “[t]he Legislature has recognized that some intentional homicides may result from ‘an understandable human response deserving of mercy’ ” (People v Harris, 95 NY2d 316, 318 [2000], quoting People v Casassa, 49 NY2d 668, 680-681 [1980], cert denied 449 US 842 [1980]).
Defendant has the burden of establishing the defense by a preponderance of the evidence (see Roche, 98 NY2d at 75). In considering whether the defense should be charged, the trial court views the evidence “in the light most favorable to the defendant” (Harris, 95 NY2d at 320). However, “[i]n the absence of the requisite proof, an extreme emotional disturbance charge should not be given because it would invite the jury to engage in impermissible speculation concerning [the] defendant’s state of mind at the time of the homicide” (Roche at 76; see People v Walker, 64 NY2d 741, 743 [1984]).
Here, the court properly denied defendant’s request for an extreme emotional disturbance charge, for even viewing the proof in the light most favorable to him (People v Harris, 95 NY2d at 320), the jury could not have found either element *420 established by a preponderance of the evidence. First, there was simply no credible evidence that defendant was acting out of “extreme mental trauma” or “extremely unusual and overwhelming stress” when he killed Eustate (People v Irizarry, 199 AD2d 180, 181 [1993], lv denied 83 NY2d 872 [1994]; see also People v Patterson, 39 NY2d 288, 304 [1976], affd 432 US 197 [1977]). For instance, the fact that defendant went out of his way to confront Eustate in knowing violation of an order of protection and while carrying a knife highlights “the planned and deliberate character of the attack” — qualities inconsistent with an extreme emotional disturbance (see People v Acevedo, 56 AD3d 341, 341 [2008], lv denied 12 NY3d 813 [2009]).
Secondly, defendant’s “very calm” demeanor and cold statement in the police car, “She deserved it,” show his recognition that he had accomplished a predetermined objective in killing Eustate and defeats the notion that he “ ‘didn’t really realize’ what was happening.” To be sure, defendant testified that he “lost [his] mind” or “kind of lost [his] head out of jealousy and things.” However, even accepting defendant’s self-serving assertion that he stabbed Eustate out of “jealousy and things” after the “[t]rigger event” of having been called a “big stupid fag,” the “high degree of self-control” he exhibited in stabbing Eustate to death is at odds with his statements suggesting that he lost control and “inconsistent with the extreme emotional disturbance defense” (People v Bonilla, 57 AD3d 400, 401 [2008], lv denied 12 NY3d 814 [2009]).
We find the sentence not excessive under the circumstances of this case. Concur — Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.