14-1435-pr
Moronta v. Griffen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of July, two thousand fifteen.

Present:     AMALYA L. KEARSE,
            ROSEMARY S. POOLER,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

_____

JULIO MORONTA,

                    *Petitioner-Appellant*,

                v.                                          14-1435-pr

PATRICK GRIFFEN,

                    *Respondent-Appellee*.

_____

Appearing for Appellant:     RANDOLPH Z. VOLKELL, Merrick, NY.

Appearing for Appellee:      DAVID P. STROMES, Assistant District Attorney (Karen
                            Schlossberg, Assistant District Attorney, *on the brief*), *for* Cyrus
                            R. Vance, Jr., District Attorney, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court be and it hereby is **AFFIRMED**.

Petitioner-Appellant Julio Moronta appeals from the March 10, 2014 order of the United States District Court for the Southern District of New York (Forrest, *J.*), denying his petition for a writ of habeas corpus relief pursuant to 28 U.S.C. § 2254. *See Moronta v. Griffen*, No. 13 Civ. 4081 (KBF), 2014 WL 956297 (S.D.N.Y. Mar. 11, 2014). Moronta—who was convicted of second degree murder for killing his ex-girlfriend—contends that the trial court violated his constitutional right to due process by denying his request for a jury instruction on the partial affirmative defense of extreme emotional disturbance. In order to prevail, Moronta must establish that the New York Appellate Division, First Department, unreasonably applied clearly established United States Supreme Court law by affirming his conviction. *See People v. Moronta*, 945 N.Y.S.2d 303 (1st Dep't 2012), *lv. denied* 958 N.Y.S.2d 703 (2012). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When adjudicating a habeas petition based on a New York court's failure to charge a defense, we typically ask three questions. First, whether, as a matter of New York law, the petitioner had a right to have the jury charged on the law establishing his defense. *Harris v. Alexander*, 548 F.3d 200, 203 (2d Cir. 2008). Second, whether the trial court's failure to instruct the jury on that defense "so infected the entire trial" that the resulting conviction violated the standard for due process set out in *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). *Harris*, 548 F.3d at 203. Third, "whether the appellate court's subsequent affirmance of the conviction in spite of the trial court's refusal to instruct the jury on [the] defense constituted an objectively unreasonable application of the Supreme Court's rulings on due process." *Id*.

The district court held that Moronta was not entitled to habeas relief because, under New York law, no extreme emotional disturbance charge was required. We remain more skeptical that the charge was properly withheld under New York law, particularly in light of the guidance provided by the New York Court of Appeals in *People v. McKenzie*, 951 N.Y.S.2d 691, 694 (2012) (ordering a new trial for failure to instruct the jury on the extreme emotional disturbance defense, because the charge "must be given if there is evidence reasonably supportive of the defense, even if there is other evidence which, if credited, would negate it"). However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Where, as here, "an error in a jury instruction is alleged, 'it must be established not merely that the instruction is undesirable, erroneous, or even universally condemned, but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Davis*, 270 F.3d at 123 (quoting *Cupp*, 414 U.S. at 146). Furthermore, we cannot grant Moronta relief unless the state courts' "adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). To prevail, Moronta therefore "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Ultimately, we cannot say that the Appellate Division unreasonably applied *Cupp* when it affirmed Moronta's conviction. Because the *Cupp* standard is a general one, "a state court has

even more latitude to reasonably determine that a defendant has not satisfied that standard." *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Given Moronta's professed inability to recall his perpetration of the crime at trial, as well as the lack of any particularly volatile triggering circumstance, the Appellate Division reasonably could have concluded that the evidence supporting his extreme emotional disturbance defense was sufficiently implausible that Moronta's due process rights were not violated as a result of the failure to provide the charge. *See Blazic v. Henderson*, 900 F.2d 534, 543 (2d Cir. 1990) ("[N]otwithstanding our belief that New York law warranted a justification charge in this case, we perceive no basis to conclude that a jury would have responded differently had the charge been given. Thus, on the facts of this case, we reject the contention that the omission of a justification charge 'so infected the entire trial that the resulting conviction violated due process.'" (alteration omitted) (quoting *Cupp*, 414 U.S. at 147)); *Henderson v. Kibbe*, 431 U.S. 145, 156–57 (1977) (denying habeas relief when the possibility "that the jury might have reached a different verdict pursuant to an additional instruction" was "too speculative to justify the conclusion that constitutional error was committed"); *see also Waddington v. Sarausad*, 555 U.S. 179, 191 (2009) ("Because it is not enough that there is some slight *possibility* that the jury misapplied the instruction, the pertinent question is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." (internal citations and quotation marks omitted)).

Moreover, while the trial court declined to charge the jury on Moronta's extreme emotional disturbance defense, it did grant Moronta's request to instruct the jury on his primary defense of intoxication, as well as on the lesser included offenses of manslaughter in the first and second degree. As a result, the refusal to instruct the jury on Moronta's secondary, partial defense, did not have "the effect of virtually directing a verdict against [Moronta] when a reasonable view of the evidence under a proper charge might reasonably have resulted in an acquittal." *Harris*, 548 F.3d at 206; *cf. McKenzie*, 951 N.Y.S.2d at 696 ("The question thus framed by defendant's charge request was not whether defendant should be held criminally responsible for killing [the victim], but whether instead of a conviction for murder, there should be one for first degree manslaughter based on what was for all intents and purposes, a plea in mitigation.").

Because the Appellate Division did not unreasonably apply any clearly established Supreme Court law, the district court did not err in denying Moronta's habeas petition. We have considered Moronta's remaining arguments and find them to be without merit.

For the foregoing reasons, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3